# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00104-CR

**Richard Wayne Rains, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT
### NO. CR 5920, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted Richard Wayne Rains of manufacturing methamphetamine, enhanced by a prior conviction, and sentenced him to sixty-five years' imprisonment. Appellant's appointed attorney has filed a brief concluding that the appeal is frivolous and without merit.

Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Anders*, 386 U.S. at 743-44; *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant's attorney sent appellant a copy of the brief and advised him that he had the right to examine the record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972). Appellant has filed a pro se brief asserting several issues.

We have considered the record, counsel's brief, and appellant's pro se brief and we agree with counsel that the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).[1] We have reviewed the evidence presented to the jury and the procedures that were observed and find nothing in the record that might arguably support the appeal. We grant counsel's motion to withdraw and affirm the judgment of conviction.[2]

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:  April 1, 2009

Do Not Publish

---

[1] The court of criminal appeals in *Bledsoe v. State* held:

> When faced with an *Anders* brief and if a later pro se brief is filed, the court of appeals has two choices. It may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. Only after the issues have been briefed by new counsel may the court of appeals address the merits of the issues raised.

178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citations omitted).

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of his case by the court of criminal appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in the Texas Court of Criminal Appeals). Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date this Court overrules the last timely motion for rehearing filed. *See* Tex. R. App. P. 68.2. The petition must be filed with this Court, after which it will be forwarded to the court of criminal appeals along with the rest of the filings in the cause. *See* Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See* Tex. R. App. P. 68.4, 68.5.